# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## CRIMINAL CASE NO. 3:07cr238

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| | ) | |
| **WEALTHY MICHAEL EANES.** | ) | |
| | ) | |

**THIS MATTER** is before the Court on the Government's Unopposed Motion to Continue Trial Date. [Doc. 52].

On October 23, 2007, the Defendant was charged in a bill of indictment with being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1). The Defendant's arraignment was held on January 3, 2008, at which time the case was set on the February 11, 2008 calendar for trial. On January 8, 2008, the Court, acting *sua sponte*, continued the case to the April 14, 2008 calendar. [Doc. 8].

On March 21, 2008, the Defendant filed a motion to suppress and to dismiss and/or to preclude certain evidence. [Doc. 16]. On March 26, 2008, the Court, on motion of the Defendant and without objection by the Government, continued the case to the June 9, 2008 calendar to allow the

Defendant's motion to be heard and decided. [Doc. 20]. The Magistrate Judge conducted a hearing on the Defendant's motion on April 24, 2008, but the hearing had to be continued until May 22, 2008 for the resumption of testimony. At the May 22, 2008 hearing, the Government announced that it had begun an investigation, the outcome of which might result in the Government's deciding not to proceed with the prosecution of this matter. Based upon this representation, the Defendant joined in the Government's request to continue the hearing, which was granted. Following the continuance of this hearing, the Defendant moved for a continuance of the trial from the June 9, 2008 term. [Doc. 32]. The Court granted this motion and set this matter for the August 18, 2008 trial term. [Doc. 33]. The suppression hearing before the Magistrate Judge was rescheduled at the request of the parties for August 5, 2008.

On July 11, 2008, the Defendant moved to continue the case from the August 18, 2008 trial term due to the pending suppression motion. [Doc. 35]. The Court granted this motion and reset the case for the October 14, 2008 trial term. [Doc. 36].

Following the conclusion of the suppression hearing on August 5, 2008, the Defendant requested the opportunity to submit additional

evidence to the Court, which the Magistrate Judge granted. [Doc. 38]. The Government filed objections to the submission of additional evidence. [Doc. 39]. Thereafter, the parties submitted post-hearing briefs to the Magistrate Judge on September 1 and 3, 2008. [Docs. 41, 42]. The Magistrate Judge heard closing arguments from the parties on September 4, 2008. On September 5, 2008, the Magistrate Judge entered a Memorandum and Recommendation, recommending that the Defendant's Motion to Suppress be granted. [Doc. 43]. The Government filed Objections to the Memorandum and Recommendation on September 19, 2008. [Doc. 49].

The Government now moves for another continuance of the trial date based upon the pending Objections to the Magistrate Judge's Recommendation on the Defendant's Motion to Suppress. The Government submits that the Court's decision on the Motion to Suppress will be dispositive of this case. [Doc. 52].

The Court finds that this case should be continued. The Defendant's response to the Government's Objections is not due until October 3, 2008, which is also the deadline for the filing of any plea agreement in this case. Since the deadline for the filing of plea agreement will expire before a

3

ruling can be made on the Government's Objections, a failure to continue the case would result in a miscarriage of justice because it would deprive the Defendant of the opportunity to enter into a plea agreement with the Government before trial. See 18 U.S.C. §3161(h)(8)(B)(i). A failure to continue the case also would deprive the parties of a reasonable time for trial preparation following the resolution of the Government's Objections, taking into account the exercise of due diligence. See 18 U.S.C. §3161(h)(8)(B)(iv).

For the reasons stated herein, the ends of justice served by the granting of the continuance outweigh the best interests of the public and the Defendant in a speedy trial. 18 U.S.C. § 3161(h)(8)(A).

**IT IS, THEREFORE, ORDERED** that the above-captioned case is **CONTINUED** from the October 14, 2008 term in the Charlotte Division.

Signed: October 3, 2008

Martin Reidinger
United States District Judge